# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION
#### Case No. 1:14-CR-20555-DPG

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ANTHONY PUBLIO BOSCH,

        Defendant.

_____/

## ORDER SETTING TRIAL DATE

    This matter is set for **Criminal Jury Trial** at 400 North Miami Avenue, **Courtroom 10-2**, Miami, Florida, during the two-week period commencing **September 8, 2014**, or as soon thereafter as the case may be called.   **Calendar Call** will be held at **9:30 a.m.**, on **September 3, 2014**, in **Courtroom 10-2** at the same location. **All defendants on bond are required to attend the Calendar Call in person**.   It is further **ORDERED** as follows:

1.    All requests for writs ad testificandum must be filed not later than **fourteen business days prior to the first day of the scheduled trial period**.

2.    All responses to the Standing Discovery Order and Local Rule 88.10 shall be provided in a timely fashion, in accordance with the dates scheduled by the magistrate judge. Noncompliance may result in sanctions.   Any notice submitted pursuant to Rule 404(b), Fed. R. Evid., shall include a specific factual basis for the evidence sought to be introduced.

3.    Within **fourteen days of this Order**, the parties shall file a Joint Status Report.   This report shall answer the following questions:

    A.    Has all discovery been provided by the Government to Defendants?   If not, why not?

B.      Are the parties ready for trial?   If not, why not?

C.      How many days do the parties expect a trial in the matter to require?

D.      Are there any other matters in this case of which the Court should be aware?

4.      **All motions filed shall be accompanied by a written statement certifying that counsel for the moving party has conferred with opposing counsel in a good-faith effort to resolve by agreement the subject matter of the motion, where required by Local Rule 88.9.**

5.      Counsel shall be prepared to conducted limited *voir dire* following the Court's questioning of the panel.   If counsel wish for the Court to ask questions during *voir dire* in addition to the Court's standard questions, counsel shall file their proposed questions at least **two business days prior to Calendar Call**.   Proposed jury instructions, including those for substantive charges and defenses, shall be submitted to the Court before Calendar Call, in Word format, by e-mailing them to gayles@flsd.uscourts.gov.   Instructions for filing proposed documents appear at http://www.flsd.uscourts.gov.

6.      Before **Calendar Call**, all counsel shall file a list of proposed witnesses and exhibits to be presented at trial.   All exhibits to be offered into evidence **must be pre-labeled** in accordance with the proposed exhibit list.   Government exhibits shall be designated numerically, and defense exhibits, alphabetically.

7.      If any party seeks to introduce a transcript or transcripts at the trial, that party shall provide copies of the proposed transcript or transcripts to all other parties **within the discovery period set forth in the Standing Discovery Order**.   If additional time is required to provide transcripts, the party must obtain an extension of time

from the Court.  If the parties cannot agree on a transcript, each party shall be prepared to produce its own version for the trier of fact.

8.      All anticipated Jencks Act[1] material shall be turned over to defense counsel by the morning of the first day of trial.  The material shall include a cover sheet for defense counsel to sign and date, acknowledging receipt.

9.      Upon receipt of this order, counsel shall certify with the Court's courtroom deputy the need for an interpreter for Defendant(s).  Counsel are further instructed to notify the Court at least 24 hours before any hearings or trial if an interpreter is required.

10.     Counsel are instructed that arrangements for appropriate attire for defendants in custody must be made with the Bureau of Prisons or the Marshals Service at least **seven days** before the scheduled trial date.

11.     Should any plea offer be made by the Government but not accepted by Defendant(s), the Government shall attach to any such offer a cover sheet with space for Defendant(s) and Defendant's attorney to certify that Defendant(s) has reviewed the plea offer.   The cover sheet shall also include space for Defendant(s) and Defendant's attorney to certify the dates of signature.  This document shall be signed by Defendant(s) and Defendant's attorneys before trial.  **This document shall not be filed with the Court or otherwise provided to the Court** but shall be maintained within the Government's case file.   The parties **shall not advise the Court whether any plea offer has been made or, if so, of the contents of any plea offer that might have been made**.   *See United States v. Tobin*, 676 F.3d

---

1  18 U.S.C. § 3500

1264 (11th Cir. 2012).   Before trial begins or a change of plea is taken, the Court will specifically inquire as to whether the parties have complied with this paragraph of this Order.  **The parties shall respond with either a "yes" or "no," without further elaboration**.  If no plea offer has been made or if a plea offer has been made and the requirements of this paragraph have been satisfied, the answer shall be "yes."

12.   If this matter will be resolved by way of change of plea, the parties shall email the courtroom deputy (jermaine_creary@flsd.uscourts.gov) immediately upon reaching such determination to set the matter for a change of plea.

13.   **Counsel shall comply with Local Rule 88.5, which requires the filing of speedy trial reports every twenty-one (21) days hereafter until the time of trial or plea**.

14.   Pursuant to the Court's CM/ECF Administrative Procedures, proposed orders shall be submitted to the Court by e-mail in Word or WordPerfect format at gayles@flsd.uscourts.gov.

**DONE AND ORDERED** at Miami, Florida, this Wednesday, August 06, 2014.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:   Counsel of Record

-4-