UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 14-20555-CR-GAYLES

UNITED STATES OF AMERICA

v.

ANTHONY PUBLIO BOSCH,

      **Defendant.**

_____/

### UNITED STATES' UNOPPOSED MOTION FOR PROTECTIVE ORDER LIMITING DISCLOSURE OF DISCOVERY INFORMATION

The United States of America respectfully moves for a Protective Order, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure and the Privacy Act, 5 U.S.C. § 552a(b)(11), for appropriate protections against widespread dissemination of discovery materials and sensitive information they contain. This sensitive information from victims, the defendant, and third parties includes victim names and addresses, credit card numbers, social security numbers, date of births, driver's license numbers, bank account numbers, medical records, and insurance policy numbers. The government seeks protections that will not impede the defendant's ability to prepare a defense, but which will protect against improper dissemination or use of the sensitive information. The United States respectfully submits that the equities favor this Court placing reasonable limitations on the use of sensitive information in discovery materials.

### BACKGROUND

A federal grand jury has indicted the defendants for being part of a conspiracy to distribute testosterone to high school and professional athletes, in violation of Title 21, United States Code, Section 846. Proof of this conspiracy includes information from victims of the conspiracy, including documentary information providing the names, date of births, and

addresses of victims and third parties, financial records, and bank and credit card account information, and other information referenced in the Privacy Act, 5 U.S.C. § 552a(b)(11). These materials fall within paragraph A.5 of this Court's Standing Discovery Order (SDO). The Government's discovery includes information belonging not only to individual third parties but also to the defendant.

The Government conferred with defense counsel and discussed redacting all sensitive information in its original production of discovery. However, production of this third party victim information would be beneficial to the defense. Accordingly, the government proposes the following restrictions be placed on the disclosure and use of the discovery materials in this case:

1. Counsel of record for the defendant receiving this information shall hold the discovery materials in strict confidence, disclosing this information to the defendant, office staff, investigators, and any witnesses (including any experts) only to the extent believed necessary to assist in the defense of this matter.

2. Counsel of record for the defendant receiving this information shall advise any person to whom the discovery materials are disclosed that, pursuant to the attached Protective Order, the information must be held in strict confidence and the recipient may not further disclose or disseminate the information.

3. Counsel of record for the defendant receiving this information shall obtain a certification from each person to whom the discovery materials are disclosed, in which the recipient (a) acknowledges the restrictions set forth in the Protective Order, and (b) agrees that he/she will not disclose or disseminate the information without the express consent of defense counsel. Counsel shall keep a copy of each certification to identify the individuals who received the discovery materials and the date on which such information was first disclosed.

4.       At the conclusion of the above-captioned case, counsel of record for the defendant receiving this information shall either destroy the discovery materials or return them to the United States.

## ANALYSIS AND MEMORANDUM OF LAW

A trial court "can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the material which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969). In fact, Federal Rule of Criminal Procedure 16(d)(1) permits a court to deny, restrict, or defer pre-trial discovery when a party can demonstrate the need for these types of actions. *See* Fed R. Crim. P. 16(d)(1). The government does not seek to delay, deny, or restrict the disclosure of information which Rule 16 or the Standing Discovery Order requires. *See e.g*, *United States v. Fischel*, 686 F.2d 1082, 1090 (5th Cir. 1982) (stating that "[d]iscovery in criminal cases is narrowly limited [and] makes no provision for the production of the names and addresses of witnesses"). Instead, the Government only seeks to facilitate discovery, while protecting against the improper disclosure or use of an individual's identification information. The proposed Protective Order, attached as an exhibit hereto, would have no effect on the defendant's ability to prepare their defense and would protect not only the personal identification information of third parties, but also the identification information of the defendants themselves.

It is appropriate for any protective order to admonish the parties that the purpose of discovery is trial preparation and that sensitive information provided pursuant to the order is to be used only for that purpose. *See United States v. Gangi*, No. 97 CR 1215(DC), 1998 WL 226196 at *4 (S.D.N.Y. May 4, 1998) (ordering that information disclosed under protective order "[s]hall be used only by defendants and their counsel solely for purposes of this action"); *United*

3

*States v. Salemme*, 978 F. Supp. 386, 390 (D. Mass. 1997) (requiring government to make certain disclosures and ordering that those disclosures be used "solely for the purpose of litigating matters in this case"); *see generally United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) ("Discovery, whether civil or criminal, is essentially a private process because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation. That is why parties regularly agree, and courts often order, that discovery information will remain private."). The government's proposed order, or one materially similar thereto, has been entered in other matters in the Southern District of Florida to ensure the integrity of sensitive identification information disclosed in discovery. *See United States v. Leitman,* Case No. 10-20883-CR-Graham  (DE 29) (S.D. Fl. January 10, 2011); *United States v. DeSousa, et al.,* Case No. 10-20524-CR-Gold  (DE 25)(S.D. Fl. August 12, 2010); *United States v. Vasquez, et al.,* Case No. 10-20707-CRAltonaga  (DE 35)(S.D. Fl. November 1, 2010); *United States v. Sixto Figueroa, et al.,* Case No. 09-20610-CR-Lenard (DE: 105) (S.D. Fl. October 7, 2009); *United States v. Marcos Salazer, et al.*, Case No. 10-20182-CR-Jordan (DE: 35) (S.D. Fl. April 7, 2010); *United States v. Julio A. Llanessa*, Case No. 09-21027-CR-Huck (DE: 84) (S.D. Fl. January 27, 2010); *United States v. Greta Medina, et al.*, Case No. 09-21028-CR-Lenard (DE: 283) (S.D. Fl. May 5, 2010), *United States v. Yuri Sucart, et al.*, Case No. 14-20550-CR-ALTONAGA (DE: 61).

The undersigned has conferred with defense counsel who has no objection to the relief requested herein.

WHEREFORE, the United States of America respectfully moves this Court to issue the proposed Protective Order.

Respectfully submitted,
WIFREDO A. FERRER
UNITED STATES ATTORNEY

By: s/ Sharad A. Motiani
Sharad A. Motiani
Assistant United States Attorney
Florida Bar No.:711233
99 NE 4th Street
Miami, FL 33132
Tel: No. (305) 961-9392
Fax No. (305) 536-7213
Email: Sharad.A.Motiani@usdoj.gov

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that, on August 19, 2014, I electronically filed the foregoing document via CM/ECF.

                                              s/ Sharad A. Motiani
                                              Sharad A. Motiani
                                              Assistant United States Attorney

**CERTIFICATION**

I, _____, acknowledge that I have read the Court's Protective Order
         (Name of Recipient)

in the case of *United States v. Anthony Publio Bosch*, Case No.14-20555-CR-GAYLES. I also

have been advised by _____, that I will be viewing material that contains
              (Name of Counsel)

sensitive information. I also have been advised that such information should be held in strict

confidence, should only be used in connection with the investigation and trial preparation of this

case and that further disclosure, dissemination, or use is prohibited without defense counsel's

express consent.


_____                    _____
Signature                                          Date


-------------------------------------------------


I,_____, have provided _____ with a copy of the Court's
    (Name of Counsel)                  (Name of Recipient)

Protective Order. I also have advised _____ of his/her obligations under this Order,
                                      (Name of Recipient)

but he/she has refused to sign the above acknowledgment.


_____                    _____
Signature                                          Date