```
 1                   UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF FLORIDA
 2                           MIAMI DIVISION
                     CASE NO. 14-20555-CR-GAYLES
 3

 4   UNITED STATES OF AMERICA,        Miami, Florida

 5             Plaintiff,             October 16, 2014

 6         vs.                        10:43 a.m. to 10:57 a.m.

 7   ANTHONY PUBLIO BOSCH,

 8             Defendant.             Pages 1 to 13
     _____
 9

10                         CHANGE OF PLEA
                BEFORE THE HONORABLE DARRIN P. GAYLES
11                   UNITED STATES DISTRICT JUDGE

12
     APPEARANCES:
13
     FOR THE GOVERNMENT:         PATRICK SULLIVAN, ESQ., and
14                               SHARAD MOTIANI, ESQ.,
                                 ASSISTANT UNITED STATES ATTORNEY
15                               99 Northeast Fourth Street
                                 Miami, Florida 33132
16
     FOR THE DEFENDANT:          GUY LEWIS, ESQ.
17                               LEWIS TEIN, PL
                                 3059 Grand Avenue
18                               Suite 340
                                 Coconut Grove, Florida 33133
19                                       - and -
                                 SUSY RIBERO-AYALA, ESQ.
20                               201 Alhambra Circle
                                 Suite 1200
21                               Coral Gables, Florida 33134

22   REPORTED BY:                PATRICIA DIAZ, RPR, FPR
                                 Official Court Reporter
23                               United States District Court
                                 400 North Miami Avenue, Tenth Floor
24                               Miami, Florida 33128
                                 (305) 523-5178
25
```

1               (Call to the order of the Court)

2               COURTROOM DEPUTY:  Calling United States versus Anthony

3    Publio Bosch, case number 14-CR-20555.  Counsel, please state

4    your appearance for the record.

5               MR. SULLIVAN:  On behalf of the United States, AUSA

6    Sullivan and Motiani.

7               MR. LEWIS:  Good morning, on behalf of Mr. Bosch, who

8    is present, Guy Lewis and Ms. Ribero-Ayala.

9               THE COURT:  All right.  Good morning.  The Court is

10   noting the presence of the defendant, Mr. Bosch.

11              All right.  We are set for a change of plea, and we

12   also have a motion related to his bond.  I'd like to first deal

13   with his plea agreement and then take up the bond issue.

14              All right.  Mr. Publio Bosch, I need you to please

15   raise your right hand and be sworn.

16              (The defendant was duly sworn.)

17              COURTROOM DEPUTY:  He has been sworn, Your Honor.

18              THE COURT:  Okay.  Can you approach the podium?

19              I don't know if the court reporter caught it, but he

20   did answer in the affirmative in his oath.

21              All right.  Mr. Bosch, it is my understanding that you

22   want to change your previously entered plea of not guilty to

23   guilty to the single count of the information, which count

24   charges you with conspiracy to distribute testosterone in

25   violation of Title 21, United States Code Section 846 -- well,

```
 1  it's in violation of Title 21, United States Code
 2  Section 841(a)(1), all in violation of Title 21, United States
 3  Code Section 846.  Is that what you want to do?
 4          THE DEFENDANT:  Yes, Your Honor.
 5          THE COURT:  Please tell me your full name, sir.
 6          THE DEFENDANT:  My full name is Anthony Publio Bosch.
 7          THE COURT:  What is your age?
 8          THE DEFENDANT:  I am 51 years old.
 9          THE COURT:  What is your highest level of education?
10          THE DEFENDANT:  I have a doctorate degree from a
11  foreign medical college.
12          THE COURT:  Are you currently under the influence of
13  any alcohol, narcotics or medication?
14          THE DEFENDANT:  No, Your Honor.
15          THE COURT:  Have you ever suffered from or been
16  diagnosed with a mental illness?
17          THE DEFENDANT:  No, Your Honor.
18          THE COURT:  I have before me a written plea agreement.
19  The written plea is nine pages long.  It bears the signature of
20  several people, including Mr. Sullivan, Assistant United States
21  Attorney; Mr. Motiani, also an Assistant United States
22  Attorney; your attorneys, Mr. Lewis and Ms. Ribero-Ayala and
23  what purports to be your signature dated July 29th, 2014.
24          Is that your signature in the last page of this written
25  plea agreement?
```

```
 1             THE DEFENDANT:  Yes.  Yes, Your Honor.
 2             THE COURT:  All right.  Did you read and understand
 3   that written plea?
 4             THE DEFENDANT:  Yes, Your Honor.
 5             THE COURT:  And did you also have an opportunity to
 6   discuss all the terms of the plea agreement with your
 7   attorneys?
 8             THE DEFENDANT:  Yes, I was able to do that, Your Honor.
 9             THE COURT:  All right.  I want to talk about just some
10   of the provisions of the plea agreement.  As set forth in
11   paragraph three, the maximum term of imprisonment for the
12   offense for which you are pleading guilty today is ten years.
13   Do you understand that?
14             THE DEFENDANT:  Yes.
15             THE COURT:  And you understand that any term of
16   imprisonment will be followed by a period of supervised release
17   of at least two years, and that period could be up to life.  Do
18   you understand that?
19             THE DEFENDANT:  I understand that, Your Honor.
20             THE COURT:  You understand as well that the Court may
21   impose a fine of up to $500,000?
22             THE DEFENDANT:  Yes, Your Honor.
23             THE COURT:  Do you also understand that at your
24   sentencing a special assessment will be imposed in the amount
25   of $100?
```

```
 1              THE DEFENDANT:  Yes, Your Honor.
 2              THE COURT:  In paragraph ten of the written plea
 3   agreement, the Government and you agree that you will jointly
 4   make some recommendations to the Court related to your
 5   sentencing.  One of those recommendations is that the quantity
 6   of drugs or controlled substances involved in this case involve
 7   at least 5,000 units of testosterone but less than
 8   10,000 units.  Do you understand that?
 9              THE DEFENDANT:  Yes, Your Honor.
10              THE COURT:  And you are jointly recommending that you
11   should receive a three level increase as a manager and
12   supervisor of a criminal activity that involved five or more
13   participants.
14              Do you understand that?
15              THE DEFENDANT:  Yes, Your Honor.
16              THE COURT:  Do you understand that you are jointly
17   recommending that you receive a two level increase for abuse of
18   a position of trust.  Do you understand that?
19              THE DEFENDANT:  Yes, Your Honor.
20              THE COURT:  You understand that you are jointly
21   recommending that you receive a two level increase for
22   distribution of an anabolic steroid and a masking agent?
23              THE DEFENDANT:  Yes, Your Honor.
24              THE COURT:  Do you also understand that you are jointly
25   recommending to the Court that you receive a two level increase
```

```
 1   for distribution of an anabolic steroid to an athlete?
 2           THE DEFENDANT:  Yes, Your Honor.
 3           THE COURT:  Do you also understand that you are jointly
 4   recommending to the Court that you should receive a two level
 5   increase for maintaining a premises for the purpose of
 6   manufacturing or distributing controlled substances?
 7           THE DEFENDANT:  Yes, Your Honor.
 8           THE COURT:  Do you also understand that they are
 9   jointly recommending that you should receive a two level
10   increase for having distributed a controlled substance to an
11   individual that you knew was less than 18 years of age?
12           THE DEFENDANT:  Yes, Your Honor.
13           THE COURT:  As set forth in paragraph 14, you are
14   agreeing to waive your right to appeal any sentence imposed,
15   unless I impose a sentence that exceeds the maximum permitted
16   by statute or depart upward from the advisory guideline range.
17   Do you understand that as well?
18           THE DEFENDANT:  Yes, Your Honor.
19           THE COURT:  Do you have any questions about any of the
20   terms that are set forth in this written plea agreement?
21           THE DEFENDANT:  No, Your Honor, I understand it.
22           THE COURT:  And, again, have you had a sufficient
23   opportunity to discuss all the terms of the plea agreement with
24   your attorney?
25           THE DEFENDANT:  Yes, Your Honor.
```

Case 1:14-cr-20555-DPG   Document 41   Entered on FLSD Docket 11/25/2014   Page 7 of 13
7

```
 1              THE COURT:  Has anyone promised you anything other than
 2   what is set forth in the written plea agreement in order to get
 3   you to enter into this plea?
 4              THE DEFENDANT:  No, Your Honor.
 5              THE COURT:  Has anyone threatened or forced you to
 6   enter into this plea?
 7              THE DEFENDANT:  No, Your Honor.
 8              THE COURT:  In order to accept this plea, you must
 9   waive some valuable rights that are associated with trial.
10   Those rights include your right to have a jury trial in this
11   case and your right to have the Government prove the charges
12   against you beyond a reasonable doubt.
13              You have a right to be represented by both of your
14   attorneys.  You have the right to cross examine any of the
15   Government's witnesses, the right to compel their your own
16   witnesses and compel their appearance by subpoena.  You have a
17   right to testify on your own behalf or to exercise your right
18   to remain silent, and ordinarily your right to appeal any
19   negative ruling that might have been entered against you.
20              Do you understand each of those rights?
21              THE DEFENDANT:  Yes, Your Honor.
22              THE COURT:  Do you waive those rights in this case so
23   you can accept the plea?
24              THE DEFENDANT:  Yes, Your Honor.
25              THE COURT:  Do you understand if you are not a United
```

```
 1  States citizen this plea can subject to you deportation?
 2          THE DEFENDANT:  Yes, Your Honor.
 3          THE COURT:  Have you discussed that possibility with
 4  your attorney?
 5          THE DEFENDANT:  Yes, Your Honor.
 6          THE COURT:  With that understanding, do you still want
 7  to enter into this plea?
 8          THE DEFENDANT:  Yes, Your Honor.
 9          THE COURT:  Based on your guilty plea, you will be
10  adjudged guilty of the offense set forth in the indictment.
11  That adjudication will deprive you of some civil rights and
12  benefits, such as your right to vote if you are a United States
13  citizen, your right to hold public office, your right to serve
14  on a jury, your right to possess a firearm, your eligibility to
15  reside in public housing, your eligibility to keep or obtain
16  professional licenses and any number of other what we call
17  collateral consequences of your plea, meaning things that are
18  not specifically related to your actual sentence.  Do you
19  understand that?
20          THE DEFENDANT:  Yes, Your Honor.
21          THE COURT:  Have you had sufficient opportunity to
22  discuss those other possibilities or consequences with your
23  attorneys?
24          THE DEFENDANT:  Yes, Your Honor.
25          THE COURT:  Have you and your attorneys discussed how
```

```
 1  the sentencing guidelines might apply to your case?
 2          THE DEFENDANT:  Yes, Your Honor.
 3          THE COURT:  Once we conclude the plea colloquy today,
 4  the matter will be set for a sentencing hearing, and to prepare
 5  for that sentencing hearing, I am going to refer the matter to
 6  Probation to conduct an investigation and a report.  You are
 7  going to be asked to provide information for that report.  Your
 8  attorneys may provide information for that report and so will
 9  the Government.  And then after the report is compiled, you
10  will be able to make objections to the report that you deem are
11  proper.  But it is not until the actual sentencing hearing
12  where I can make a final determination based on the facts and
13  the law that I can determine definitively what your guidelines
14  will be.  Do you understand that?
15          THE DEFENDANT:  Yes, Your Honor.
16          THE COURT:  Do you understand that if your sentence is
17  more severe than you expected, you will still be bound by your
18  guilty plea and you will have no right to withdraw it?
19          THE DEFENDANT:  Yes, sir.
20          THE COURT:  Do you under also understand that parole
21  has been abolished and if you are sentenced to prison, you will
22  not be released on parole?
23          THE DEFENDANT:  Yes, Your Honor.
24          THE COURT:  Have you had enough time to discuss this
25  case and this plea with your attorneys?
```

```
 1              THE DEFENDANT:  Yes, Your Honor.
 2              THE COURT:  Have you discussed with your attorneys all
 3   possible defenses that you might have?
 4              THE DEFENDANT:  Yes, Your Honor.
 5              THE COURT:  Have you had any difficulty communicating
 6   with either of your attorneys?
 7              THE DEFENDANT:  No, Your Honor.
 8              THE COURT:  Have your attorneys done everything that
 9   you have asked them to do?
10              THE DEFENDANT:  Yes, Your Honor, absolutely.
11              THE COURT:  Are you fully satisfied with their
12   representation?
13              THE DEFENDANT:  Yes, I am.
14              THE COURT:  I also have a written factual proffer.  The
15   proffer is seven pages long.  It also bears the signatures of
16   Mr. Sullivan, Mr. Motiani, Mr. Lewis, Ms. Ribero-Ayala and what
17   appears to be your signature dated August 5th of 2014.  Is that
18   your signature on the last page of this document?
19              THE DEFENDANT:  Yes, Your Honor.
20              THE COURT:  Did you read and understand all of the
21   facts that are contained in this written factual proffer?
22              THE DEFENDANT:  Yes, Your Honor.
23              THE COURT:  Are the facts that are contained in this
24   written factual proffer accurate?
25              THE DEFENDANT:  Yes, they are, Your Honor.
```

Case 1:14-cr-20555-DPG   Document 41   Entered on FLSD Docket 11/25/2014   Page 11 of 13
11

```
 1            THE COURT:  Mr. Sullivan, is there any need to have an
 2   oral recitation of the facts in this case?
 3            MR. SULLIVAN:  The Government doesn't believe that's
 4   necessary, Your Honor.
 5            THE COURT:  Okay.  Also, Mr. Lewis, do you stipulate
 6   that there is a factual basis for the plea in this case?
 7            MR. LEWIS:  We do, Judge.
 8            THE COURT:  All right.  Mr. Bosch, how do you now plead
 9   to the charge, the single count set forth in the information,
10   conspiracy to distribute a schedule three controlled substance?
11            THE DEFENDANT:  Guilty, Your Honor.
12            THE COURT:  And are you entering that guilty plea
13   because you are, in fact, guilty of this offense?
14            THE DEFENDANT:  Yes, Your Honor.
15            THE COURT:  All right.  Based on your responses, I find
16   that you have freely, voluntarily and intelligently waived your
17   rights, that you are knowingly and voluntarily accepting your
18   plea, that you understand the nature of the charges and the
19   consequences of the plea and that there is a factual basis for
20   the plea based upon my review of the record, the written
21   factual proffer, as well as the stipulation by your attorney,
22   Mr. Lewis.
23            Therefore, I will accept your plea of guilty and
24   adjudicate you guilty of a single count in the information.
25   And this matter will be set for a sentencing hearing.
```

```
 1              As I have already told you, a written presentence
 2   report will be prepared to assist me in sentencing.  You are
 3   going to be asked to provide information to probation to assist
 4   that officer in preparing the report and one or both of your
 5   attorneys may be present with you while you are providing that
 6   information.
 7              Both you and your attorneys will be permitted to read
 8   the report prior to the sentencing hearing.  If you have any
 9   objection to anything that is contained in the report, those
10   objections must be filed in writing with the Court at least
11   14 days prior to your sentencing hearing and both you and your
12   attorney or attorneys will be afforded the opportunity to speak
13   on your behalf at the sentencing hearing.
14              This matter is now referred to probation to conduct a
15   presentence investigation.  Your sentencing hearing will be on
16   what date?
17              COURTROOM DEPUTY:  December 18th at 9:30 a.m.
18              THE COURT:  December 18th at 9:30.
19              (Change of plea hearing was concluded at 10:57 a.m.)
20
21
22
23
24
25
```

Case 1:14-cr-20555-DPG   Document 41   Entered on FLSD Docket 11/25/2014   Page 13 of 13
13

C E R T I F I C A T E

         I hereby certify that the foregoing is an accurate transcription of the proceedings in the above-entitled matter.


November 20, 2014     /s/Patricia Diaz
DATE                  PATRICIA DIAZ, RPR, FPR
                      Official Court Reporter
                      United States District Court
                      400 North Miami Avenue, Tenth Floor
                      Miami, Florida 33128
                      (305) 523-5178